UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 18-CR-20014 |
| MICHAEL HARI, | ) ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION TO CONTINUE TRIAL DATE PENDING TRIAL IN THE DISRICT OF MINNESOTA ON OTHER CHARGES AGAINST THE DEFENDANT**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and moves this Court to continue the jury trial in the above-captioned case currently scheduled to begin on July 15, 2019, until the trial pending in the District of Minnesota on other charges against the defendant is completed. In support of this motion, the United States submits the following:

**INTRODUCTION**

1.  The defendant, Michael Hari, faces charges in both the District of Minnesota and the Central District of Illinois. The charges in the District of Minnesota are based on conduct that predates most of the conduct charged in the Central District of Illinois. Moreover, the Minnesota charges are factually more serious (*i.e.,* a detonated bomb as part of a domestic terrorist hate crime) and carry significantly greater criminal penalties.

2.  Hari is currently detained in the District of Minnesota. Three co-defendants have pleaded guilty to the charges, and two of those co-defendants are also currently located in the District of Minnesota. The United States has elected to try the defendant on the Minnesota charges prior to the Illinois charges.

3.  The defendant has demanded that he be tried in the Central District of Illinois before being tried in the District of Minnesota. The question raised by the defendant's demand is whether a criminal defendant has the right to determine the timing and location of his trials when he faces separate charges in separate districts. The United States submits that, while a defendant has a right to resolution of his charges consistent with the Speedy Trial Act, he does not have a right to dictate to the Court the order of the resolution of charges pending in separate districts.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

4.  The defendant, Michael Hari, is alleged to have participated in the bombing of the Dar Al Farooq Islamic Center in Minnesota on August 5, 2017. (R.1) From August of 2017 until March of 2018, Hari is alleged to have possessed a machinegun, engaged in a conspiracy to interfere with commerce by threats and violence, attempted to bomb the Women's Health Practice in Champaign, Illinois, and possessed a firearm as a felon, all in the Central District of Illinois. (R.39)

5.  On April 4, 2018, a federal grand jury in the Central District of Illinois indicted Hari, along with co-defendants Joe Morris, Michael McWhorter, and Ellis "EJ" Mack, for possession of a machinegun in the instant case. (R.33) A jury trial was

scheduled for June 5, 2018. (D.E. 4/9/18) On May 2, 2018, a federal grand jury in the Central District of Illinois returned a superseding indictment adding additional charges against the defendants. (R.39) On May 25, 2018, based on Hari's motion, the Court continued the trial to August 21, 2018, and excluded the time from May 25 to August 21 from the speedy trial period pursuant to 18 U.S.C. § 3161(h)(7))(A). (D.E. 5/25/18)

6. On June 20, 2018, a federal grand jury in the District of Minnesota indicted Hari, along with co-defendants Joe Morris and Michael McWhorter, on counts related to the bombing of the Dar Al Farooq Islamic Center, namely, damaging religious property, using an explosive to commit a federal felony, and using a destructive device during a crime of violence. (R.14 in DMN Case No. 18-CR-150) At that time, Hari remained detained in the Central District of Illinois awaiting trial.

7. The Court in the Central District of Illinois later continued the trial until November 13, 2018, at the defendant's request, and again excluded the time from the speedy trial period. (D.E. 7/27/18) In the interim, co-defendant Mack pleaded guilty in the Central District of Illinois. (D.E. 9/25/18)

8. On November 5, 2018, the Court continued the Illinois trial until February 5, 2019, again at Hari's request, while excluding the time from the speedy trial period. (D.E. 11/5/18) On January 9, 2019, Hari requested a continuance until the summer of 2019, which was anticipated to be after counsel for both Hari[1] and the

---

[1] Federal Public Defender Thomas Patton and Assistant Federal Defendant Elisabeth Pollock are listed as counsel of record for Hari. Both are also listed as counsel for defendant Brendt Christensen. The undersigned AUSA is the only prosecutor who has been assigned to the Hari case thus far (although civil AUSAs are listed on the docket regarding forfeiture matters).

United States competed the capital trial in *United States v. Brendt Christensen,* No. 17-CR-20037, scheduled at that time for April and May of 2019. (D.E. 1/9/19) The Court granted Hari's motion and scheduled trial for July 15, 2019, again excluding the time from the speedy trial period. (D.E. 1/9/19)

9. On January 24, 2019, co-defendants McWhorter and Morris each pleaded guilty in the District of Minnesota to both the pending Minnesota charges (D.E. 1/24/19 in DMN Case No. 18-CR-150) and the Central District of Illinois charges, pursuant to Rule 20 of the Federal Rules of Criminal Procedure. (D.E. 1/24/19 in DMN Case Nos. 18-CR-291 & 18-CR-313)

10. Soon thereafter, the United States Marshals Service transported Hari to the District of Minnesota to face the charges there in light of the defendant's requested delay in the Central District of Illinois case until July of 2019. (D.E. 1/31/19; R.50,52 in DMN Case No. 18-CR-150) The Minnesota Court noted that a status/case management conference would be set to discuss the case progression to trial and coordinate the Minnesota and Illinois cases. (D.E. 2/8/19 in DMN Case No. 18-CR-150)

11. On February 14, 2019, the Minnesota Court arraigned Hari on the pending Minnesota indictment and scheduled pretrial motions to be filed by March 7, 2019, and trial to begin on April 22, 2019. (R.55 in DMN Case No. 18-CR-150)

12. On February 20, 2019, Hari's counsel filed a motion to continue the long scheduled trial in *United States v. Christensen* from April of 2019 to July of 2019, which was when the Hari trial was scheduled. (R.255 in CDIL Case No. 17-CR-20037) The

4

United States objected to a continuance until July. (R.257) On February 28, 2019, the Court granted a continuance until June 3, 2019, with the trial expected to conclude in late July of 2019, and thus, to conflict with the scheduled Hari trial. (R.259)

13. On March 6, 2019, Hari filed a motion to continue the scheduled Minnesota dates, including the trial date, for at least 90 days. (R.65 in DMN Case No. 18-CR-150) The Court granted Hari's motion to continue and required pretrial motions to be filed by June 18, 2019, responses to be filed by July 2, 2019, and a motions hearing on July 9, 2019, at 1:30 p.m. at the United States Courthouse in St. Paul, Minnesota. (R.70) The Minnesota Court further scheduled trial to begin on September 30, 2019, if Hari filed no pretrial motions, or a time to be determined if Hari filed pretrial motions. (R.70) The Court further excluded the time from March 7, 2019, the original motion filing date, through June 18, 2019, the continued motion filing date, from the speedy trial act computations in the Minnesota case. (R.70)

14. On May 8, 2019, counsel for Hari stated that Hari wanted to proceed to trial on the Illinois charges on July 15, 2019. The Court scheduled a joint status conference with Hari, all counsel, and the Minnesota Court on June 18, 2019, at 11 a.m. to discuss where trial would commence first. The Court also ordered the United States to brief any speedy trial issues by May 20, 2019. (D.E. 5/8/19)

## THE SPEEDY TRIAL ACT

15. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1) directs that the trial of a defendant charged by indictment shall commence within seventy days from the later of the filing date of the indictment or from the date the defendant appeared before a judicial officer of the court.

16. The Act also directs the certain periods of delay shall be excluded in computing the time within which the trial must commence, including any delay resulting from (1) trial with respect to other charges against the defendant (§ 3161(h)(1)(B)); (2) any pretrial motion, from the filing of the motion through the conclusion of the hearing on such motion (§ 3161(h)(1)(D)); (3) any proceeding relating to the transfer of a case or the removal of any defendant from another district (§ 3161(h)(1)(E)); and (4) a continuance granted by any judge on his or her own motion or at the request of the defendant or the United States, based on an ends of justice finding (§ 3161(h)(7)(A)).

17. Any delay resulting from trial with respect to other charges is automatically excludable from the speedy trial computation, without any necessity of showing a causal relationship between the other charges and the delay. *See United States v. Montoya*, 827 F.2d 143, 151–52 (7th Cir. 1987).

18. In the Central District of Illinois case, the original indictment was filed on April 4, 2017. The defendant first moved to continue his trial date on May 25, 2017, which was 51 days after the original indictment. All time from May 25, 2017 until

July 15, 2019, has already been excluded by Court, based on the defendant's motions to continue.

## DISCUSSION

19.     The defendant currently is being held in the District of Minnesota, subject to the following schedule: pretrial motions to be filed by June 18, 2019; responses to be filed by July 2, 2019; a motions hearing on July 9, 2019; and trial to begin on September 30, 2019.

20.     The defendant is not currently present in the Central District of Illinois. The defendant has not yet filed any pretrial motions in the Illinois case, nor have any filing deadlines yet been set. Therefore, the defendant's demand to proceed to trial on July 15, 2019, seems impractical, unless the defendant does not intend to file any pretrial motions in his Illinois case.[2]

21.     Moreover, defense counsel typically likes to meet with a defendant prior to trial. Here, the defendant is required to be in the District of Minnesota at least through July 9, 2019, to resolve any pretrial motions in the Minnesota case (unless the defendant also does not intend to file any pretrial motions in his Minnesota case). Thus, it would seem unrealistic to expect the United States Marshals Service to transport the

---

[2] For example, defense counsel in the Minnesota case requested "additional time to review the voluminous discovery provided, identify discovery that may be missing, and to discuss and prepare pretrial motions," suggesting the case may be "so unusual or so complex" due to the nature of the prosecution that it is unreasonable to expect preparation for pretrial proceedings or the trial within the Speedy Trial Act time limits. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

defendant to the Central District of Illinois in only six days and for defense counsel to be ready to proceed to trial on July 15, 2019.

22. Of course, if the defendant does not file any pretrial motions in the District of Minnesota, trial will proceed there on September 30, 2019. That scheduled trial date was the result of the defendant's own motion to continue and is in compliance with the Speedy Trial Act.

23. Any delay in the Illinois case resulting from trial with respect to the Minnesota charges is automatically excluded from computing the time within which the Illinois trial must commence pursuant to 18 U.S.C. § 3161(H)(1)(B).

24. Additionally, the United States submits that the Court should find that that the ends of justice served by continuing the Illinois trial until after resolution of the Minnesota trial outweigh the best interest of the public and the defendant in a speedy trial in Illinois pursuant to 18 U.S.C. § 3161(h)(7)(A). After all, the trial was originally continued to July 15, 2019, at the defendant's request, at a time when counsel for the United States would be available to try the case. Defense counsel then moved to continue a different trial (*U.S. v. Christensen*) involving the same prosecutor to a date that directly conflicted with Hari's trial. The United States objected to that continuance, but it was granted over its objection.

25. The defendant should not be permitted to deny the United States continuity of counsel by knowingly continuing another case handled by the same prosecutor so that it directly conflicts with the known trial setting, and then demanding

a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(iv) (factors a judge shall consider include whether the failure to grant a continuance "would unreasonably deny the Government continuity of counsel"); *see also United States v. Napadow*, 596 F.3d 398, 404 (7th Cir. 2010) ("Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are . . . 'continuity of counsel.'"); *cf. United States v. Wasson*, 679 F.3d 938, 945 (7th Cir. 2012) (continuity of government counsel cited as basis for continuance). To deny the motion of the United States to continue the Illinois trial date would unreasonably deny the United States continuity of counsel in this case. For example, the currently assigned prosecutor is the only AUSA in the Central District of Illinois who has dealt with the assigned agents, reviewed the voluminous discovery, or met with the co-defendants and their attorneys. Thus, even if the Court does not continue the Illinois trial until after the Minnesota trial is completed, it should at least continue the Illinois trial until the trial in *United States v. Christensen* is completed.

WHEREFORE, the United States of America respectfully requests that this Court continue the scheduled June 15, 2019, trial date until after the completion of the trial in the District of Minnesota with respect to other charges pending against the defendant.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Elisabeth R. Pollock, Esq.
>Assistant Federal Public Defender
>300 West Main Street
>Urbana, IL 61801
>
>Thomas W. Patton, Esq.
>Federal Public Defender
>Suite 1500
>401 Main Street
>Peoria, IL 61602

>s/Eugene L. Miller
>Eugene L. Miller, Bar No. IL 6209521
>Assistant United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>Fax: 217-373-5891
>eugene.miller@usdoj.gov