E-FILED
Wednesday, 03 July, 2019  06:31:20 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-20014 |
| | ) |
| MICHAEL HARI, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S REPLY TO DEFENDANT HARI'S RESPONSE TO GOVERNMENT'S MOTION TO CONTINUE TRIAL DATE**

The United States of America, by its attorneys, John C. Milhiser, United States Attorney, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its reply to Defendant Hari's response to the government's motion to continue trial date and states as follows:

The undersigned attorney for the government has entered his appearance as co-counsel in this matter.

In his response to the government's motion to continue the trial date, Defendant Hari agrees to a short continuance of the trial in this matter until after the *Christensen* trial is concluded but objects to a longer continuance until after the Minnesota trial is concluded. He alleges that the government has manipulated the Speedy Trial Act and not acted in good faith. These allegations are unfounded.

First, while the government acknowledges its initial expectation that the Illinois charges would be tried first, the circumstances of both cases have changed since that understanding was conveyed to the Minnesota court (pre-indictment in Minnesota) in April 2018. (No. 18-00150, D. Minn., d/e 12). Those circumstances are Defendant Hari's repeated requests in this district to continue the trial date from its initial setting in June 2018 to its current setting of July 15, 2019. (*See* d/e 5/25/18, 07/27/18, 11/5/18, 1/9/19) As the government noted in its motion to continue, Defendant Hari was transported to the District of Minnesota (over his objection) to face the charges there in light of his requested delay in the Central District of Illinois case until July 2019. This transfer allowed the Minnesota case to proceed, including arraignment, and scheduling of a due date for filing of pretrial motions by March 7, 2019, and a trial date for April 2019. Defendant Hari thereafter requested that the Minnesota trial date also be continued to allow time to review the voluminous discovery. The Minnesota court allowed Defendant Hari's motion and rescheduled the trial date for September 30, 2019. He has also twice requested that the due date for filing of pretrial motions be extended, which the Minnesota court allowed and scheduled due by July 18, 2019.

Second, as also noted in the government's motion, Defendant Hari's counsel filed a motion to continue the capital trial in *Christensen* (over the government's objection) to July 2019, thus conflicting with Defendant Hari's trial setting. It was only

at the subsequent May 8, 2019, hearing before this Court that Defendant Hari stated that he wanted to proceed to trial on July 15, 2019, when lead government counsel in this matter would likely be in trial in *Christensen*.

Thus, there has been no manipulation of the Speedy Trial Act by the government but only an interest in moving these two cases forward as expeditiously as possible. It appears that if Defendant Hari had his way (multiple continuances of the Central District trial date and no transfer to Minnesota to allow its case to proceed in the interim), he would be voluntarily "languishing in a[n Illinois] prison or otherwise awaiting trial indefinitely" (or at least from April 2018 to the present) in both the Minnesota and Illinois cases. *See United States v. Montoya*, 827 F.2d 143, 149 (7th Cir. 1987). That is certainly inconsistent with the Speedy Trial Act.

Third, the *Christensen* trial is ongoing and is expected to be concluded by the week of July 22, 2019. In addition, Mr. Miller (lead counsel in this matter) is also counsel for the government in *United States v. Evans,* 16-20067, which is currently scheduled for a final pretrial conference before this Court on July 23, 2019, and trial on August 12, 2019, and in *United States v. York*, 19-20025, which is scheduled for a final pretrial conference on July 19, 2019, and trial on August 6, 2019, before Judge Myerscough. Finally, and admittedly of much lesser importance, the undersigned co-counsel in this matter is scheduled to be out of the district during the week of July 22, 2019, and August 26, 2019.

In any case, to address Defendant Hari's request that the Central District case be tried first, after government counsel in the Central District conferred with government counsel in Minnesota, the government in the Central District contacted counsel for Defendant Hari and advised that it is agreeable to proceeding to trial first in this district on September 17, 2019. The government advised that this date would allow for continuity of government counsel in light of the above circumstances and full effective preparation for trial by all government counsel in this matter. The government is further agreeable to the transfer of Defendant Hari to the Central District once this Court resolves the government's pending motion and, if allowed, schedules a firm trial date and after the court in Minnesota is advised and approves of the transfer and completes any rescheduling or staying of pre-trial proceedings. Counsel for Defendant Hari advised the government that while Defendant Hari agrees to a continuance of the trial in this matter until after the *Christensen* trial is concluded, he objects to a continuance to September 17, 2019.

Accordingly, for the reasons stated in the government's motion and in this reply, the government respectfully requests that the Court allow the government's motion and continue the trial to a firm date of September 17, 2019. Alternatively, the government suggests that the Court schedule a hearing on the government's motion as soon as practicable.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY


BY:    *s/Timothy A. Bass*
       Timothy A. Bass, Bar No. MO 45344
       Assistant United States Attorney
       318 S. Sixth Street
       Springfield, IL 62701
       Phone: 217/492-4450
       Fax: 217/492-4044
       tim.bass@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of July 2019, I filed the foregoing directly with the Clerk of Court using the CM/ECF system, which will send a copy to:

Counsel of record


*s/Timothy A. Bass*
Timothy A. Bass, Bar No. MO 45344
Assistant United States Attorney
318 S. Sixth Street
Springfield, IL 62701
Phone: 217/492-4450
Fax: 217/492-4044
tim.bass@usdoj.gov