IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CR-20014 |
| | ) | |
| MICHAEL HARI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION TO TRANSFER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 21**

Defendant Michael Hari has moved for inter-district transfer of this prosecution to the District of Minnesota under FRCrP 21(b), (IL #77), and now the government has registered its opposition, (IL #79).[1] Defendant offers this brief reply to selected points and authorities offered by the government.

**1.   The proposed transfer does not require two trials in the transferee district; rather, post-transfer consolidation is permitted.**

The government opens by questioning the efficiencies of the proposed transfer, claiming that such action must result "in two successive trials in Minnesota," rather than one consolidated case. (IL #79 at 2). The government seems to be saying this is the mandatory outcome under the law. (IL #79 at 11). But this is incorrect.

---

[1] Because this Motion involves cases docketed in two separate federal judicial districts, pleadings filed in this Court will be cited as "IL #__," and those filed in the District of Minnesota will be cited as "MN #__".

1

The government's first argues that venue for the Illinois case would not be proper in Minnesota. As the government puts it "[a]lthough Rule 21 permits a transfer, Rule 21 does not expressly or implicitly permit joinder of cases where venue properly lies in different districts." (IL # 79 at 11). That is wrong. The Advisory Committee Notes to Rule 21 explain the government's error. "The rule provides for a change of venue only on defendant's motion and does not extend the same right to the prosecution, since the defendant has a constitutional right to a trial in the district where the offense was committed, Constitution of the United States, Article III, § 2, Par. 3; Amendment VI. By making a motion for a change of venue, however, the defendant waives this constitutional right." There are no venue problem when the defendant requests the transfer. If there were Rule 21 would be a nullity.

Second, the government claims that even if the Illinois case is transferred to Minnesota that will only result in two trials in Minnesota. That is also wrong. As explained in the defense's principal memorandum, FRCrP 21(b) explicitly permits such an inter-district transfer which serves the "interest of justice" and "convenience" of the relevant stakeholders (*i.e.,* parties, alleged victims, and witnesses). (IL #77 at 4-5) When a transfer is ordered, the transferee district receives the file and proceeds with the prosecution as though originally filed there. *See* FRCrP 21(c). Hence, at least initially, a transfer would result in two separate criminal actions pending in the District of Minnesota. However—and contrary to the government's thesis—the separate prosecutions *could* (and in all likelihood *would*) be consolidated as one under FRCrP 13:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

And further contradicting the government, federal courts have held that it is entirely appropriate to consolidate a transferred case with a pending matter under this procedural rule. *United States v. Briscoe,* 798 F.Supp. 28, 30-34 (D.D.C. 1992) (prosecution transferred from another district, then consolidated with another case pending before transferee district under FRCrP 13), *aff'd in part and rev'd in part on other grounds,* 26 F.3d 142 (D.C. Cir. 1994). Indeed, the existing case law presents examples of the *federal government* requesting and obtaining such relief. *See id.* (government successfully moved for post-transfer consolidation).[2]

Hence, it is simply incorrect to say the proposed transfer *must* result in two trials in the District of Minnesota. And this leads to the follow-up question, which is whether the hypothesized two-trials scenario is the *likely* result. As it turns out, this question is resolved by the government's legal theory, as explained next.

**2. The government is seeking to introduce all of the conduct charged in Illinois as evidence in the Minnesota trial, making post-transfer joinder and consolidation almost certain.**

Though few cases address the precise factors used to inform the FRCrP 13 consolidation question, it appears that most legal authorities cite: (i) whether joinder of counts is appropriate under FRCrP 8(a); and (ii) whether unfair prejudice will result. *E.g.,*

---

[2] It must be noted that the government claims: "To join the two cases, they would have to be alleged in a single indictment." (IL # 79 at 14). Standing alone, the plain language of FRCrP 13 quoted above belies this claim. As does the case law cited above, and indeed multiple provisions of the Federal Rules of Criminal Procedure. It appears that the government has made an error with this particular proposition of law.

3

*United States v. Halper*, 590 F.2d 422, 428-29 (2d Cir. 1978). Here, the government cites only the first factor pertaining to FRCrP 8(a), which permits joinder of offenses which "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

In a surprising turn, the government's lawyers in Illinois claim that the charges in the Illinois Case do not meet these criteria, vis-à-vis the charges in the Minnesota Case. (IL #79 at 12). But the government's lawyers in Minnesota think otherwise. Yesterday, Thursday, January 30, 2020, the prosecution in Minnesota filed its notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b). (MN # 164). For the Court's convenience a copy of that pleading is attached as Exhibit A. Also attached for the Court's convenience as Exhibit B is the superseding indictment in this case. If the Court compares the two documents it will see that the prosecution in Minnesota intends to introduce *all* the charged conduct in Illinois in the Minnesota case.

The government argues that fact that Mr. Hari and the cooperating codefendants where allegedly part of the White Rabbit militia, and possessed fully automatic firearms is intrinsic to the Minnesota case. (MN # 164 at 3-5). The Illinois superseding indictment charges Mr. Hari with being a felon in possession of firearms and illegally possessing fully automatic firearms. (IL # 39 Counts 1 and 4).

The government lawyers in Minnesota claim that Mr. Hari's alleged membership in the White Rabbit militia, and the group's alleged attempted arson of the Women's Health Practice clinic in Champaign, Illinois, alleged Wal-Mart robbery in Watseka, Illinois, alleged attempted Wal-Mart robbery in Mount Vernon, Illinois, alleged home

4

invasion in Ambia, Indiana, and alleged damaging of Canadian National Railway railroad track in Effingham, Illinois, is admissible under Rule 404(b) "to show intent, motive, preparation, plan, modus operandi, knowledge, the organized nature of the White Rabbit militia, and the leadership role play by defendant Hari in that militia." (MN # 164 at 1-3). Furthermore, the government lawyers in Minnesota claim that Mr. Hari's alleged involvement in planting materials that could be used to make an explosive device on the property of J.O. in Clarence, Illinois, on February 18, 2018, is admissible in Minnesota to show Mr. Hari's consciousness of guilt. (MN # 164 at 5-6). All of this information is contained in the Illinois charges of conspiracy to interfere with commerce by threats and violence (Count 2) and attempted arson (Count 3). (IL #39 at 2-4).

    So, in Minnesota the United States has told the district court it intends to introduce evidence to prove every single charged offense in Illinois, including every overt act in support of the conspiracy charged in Count 2. But, in Illinois the United States tells this Court that if it transfers the Illinois case to Minnesota the two cases cannot be tried together because they are not part of a common scheme or plan. In Illinois the United States tells this Court: "While the Minnesota jury may hear some evidence of alleged criminal activity alleged in [the Illinois] case (depending on the Minnesota court's rulings), the Minnesota jury will not hear evidence of everything that happened in [the Illinois] case." (IL # 79 at 10). But in Minnesota the United States tells the court the jury should hear everything that happened in the Illinois case. That is not being forthright with the Court. After all, there is only one United States. The government lawyers in

Minnesota and Illinois represent the same client. This Court should not allow the government to speak out of both sides of its mouth.

Given the government's desire to introduce all of the criminal conduct charged in Illinois in the Minnesota trial, and Mr. Hari's desire to have the Illinois case transferred to Minnesota and joined with the Minnesota case for trial it is not clear why the government is objecting to Mr. Hari's request to transfer the Illinois case. It cannot be for the reasons put forth by the government in Illinois. The government argues transferring the Illinois case to Minnesota will be terribly burdensome to the victims in Illinois but if the government gets its way in Minnesota the victims will have to go to Minnesota to testify and then testify again in a subsequent trial in Illinois. That is not showing concerns for the victims' convenience.

The government cannot credibly object to the transfer being too burdensome for the prosecutors. (IL # 10).  The prosecutors in Minnesota *want* to do the work of presenting all the Illinois evidence to a jury. They are asking the court in Minnesota to let them do that work. Accordingly, the Illinois prosecutor's argument that transferring the Illinois case will require multiple staff members to go to Minnesota to conduct the Illinois portion of the trial is frivolous. Again, there is only one United States. The Assistant United States Attorney's trying the case in Minnesota are already prepared to present the Illinois evidence. And, that means the United States is prepared to bring all of the Illinois witnesses, civilian and law enforcement alike, to Minnesota.

### 3.  The proposed transfer may be effected, and then reversed if appropriate.

There is one as-yet unexplored aspect of the question now before the Court; inter-district transfer is not some irreversible decision, but rather the transferee court is fully empowered to re-transfer the case to the original district if appropriate. *See, e.g., United States v. Blackwell,* 946 F.2d 1049, 1052 n.1 (4th Cir. 1991) ("[A] district court possesses the inherent authority to retransfer proceedings to the original forum when the reason for the initial Rule 21(b) transfer no longer exist."). If this Court transfers the Illinois case the Minnesota court will decide whether consolidation is appropriate under FRCrP 13 & 8(a), and if so we will know for certain whether the transfer was correct and prudent. Given that both the Minnesota prosecutors and Mr. Hari agree the same jury should hear all the evidence, it is difficult to see why the Minnesota court would not join the cases. But, if the Minnesota court decides not to join the cases it can simply re-transfer the matter to this Court for appropriate proceedings. Hence, a transfer can and should be effected here to shed light on the relevant inquiry, as above. It is a sensible and cost-free exercise, since the matter can simply be re-transferred if need be.

### 4.  The proposed transfer serves the interests of judicial economy *and* fundamental fairness.

The government offers a brief discussion of what it considers the most pertinent inter-district transfer factors taken from the Supreme Court's decision in *Platt v. Minn. Min. & Mfg. Co.*, 376 U.S. 240, 243-44 (1964). (IL #79 at 7-11). As has been discussed above, the government's Rule 404(b) notice in Minnesota refutes those arguments. That being said, it must be noted that the government has not really addressed the core of the defense

7

points with respect to final *Platt* factor, *i.e.,* "any special elements which might affect transfer." That is to say, in his principal memorandum, the Defendant set forth a presentation which boils down to this—an inter-district transfer is uniquely appropriate because it serves not one but two compelling interests: (i) judicial economy; and (ii) fundamental fairness of proceedings. (IL #77 at 7-12).

On the first point, the government indirectly expresses its doubts as above, suggesting that the proposed transfer would result in two Minnesota trials rather than one. The above presentation should allay that concern. As to the second point concerning fundamental fairness of proceedings, the government says practically nothing at all. But in reality, the above discussion demonstrates there is a real concern about whether the current dual-trial track will be fair to the accused. We now know the government will attempt to introduce all of the evidence from the Illinois Case at the Minnesota Case. If the Illinois case is not transferred but the Minnesota court allows the introduction of even some of the alleged criminal conduct in Illinois under either Rule 404(b), or as intrinsic evidence or evidence of consciousness of guilt that will put Mr. Hari in a very difficult position in deciding whether he should testify. If he chose to testify he would be bombarded with and questioned about the Illinois Case allegations and his answers would be admissible in the Illinois trial as admissions. That, in effect, would make it impossible for him to decide not to testify at a subsequent Illinois trial. It is impossible to game out all of the potential ramifications of Mr. Hari testifying in the Minnesota trial on the Illinois trial, making the decision whether to testify in Minnesota very difficult. And, allowing the government to have two separate trials but to get to introduce the evidence

8

of both cases in both trials (the Court knows that if there is a separate trial in Illinois the government will want to introduce the evidence from the Minnesota trial) gives it two bites at the apple.

Much better for the government and Mr. Hari to make a full-and-fair presentation of both sets of allegations in one trial. This way, the jury can fairly evaluate the strength or weakness of the government's proof, as to each and every allegation. The Defendant can freely evaluate whether to testify in his own defense, knowing what he will be facing on cross-examination that will be admissible against him in a later trial. In sum, this is a case where the inter-district transfer is best for both judicial economy and fairness of proceedings. And for this reason, the defense respectfully requests that the transfer be granted.

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ Thomas W. Patton
Federal Public Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: Thomas_Patton@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Eugene L. Miller. A copy was also mailed to the defendant.

/s/ Thomas W. Patton
Federal Public Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:     309-671-7898
Email: Thomas_Patton@fd.org