UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CR-20014 |
| | ) |
| MICHAEL A. HARI, et al. | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT HARI'S MOTION TO RECONSIDER THIS COURT'S DENIAL OF HIS MOTION TO TRANSFER CASE FOR TRIAL**

The United States of America, by and through its attorneys, John C. Milhiser, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully requests that this Court deny Defendant Hari's Motion to Reconsider this Court's denial of his Motion to Transfer Case for Trial and in opposition to his motion states as follows:

**INTRODUCTION**

Defendant Hari has filed a motion for reconsideration of this Court's denial of his motion to transfer case for trial, alleging a change of circumstances. Contrary to Defendant Hari's motion, transfer of this case to the District of Minnesota remains unjustified under Fed.R.Crim.P. 21; would result in a further continuance of the Minnesota trial date and would not result in a single trial in Minnesota; and would impose a substantial inconvenience to the Illinois victims, witnesses, and parties, and a net increase in the burden on the federal courts, which would only be exacerbated by

the current and ongoing COVID-19 epidemic. Thus, the government respectfully requests that Defendant Hari's motion be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts and procedural history in this case are set forth in the government's response to Defendant Hari's Motion to Transfer Case for Trial.

At a motion hearing on February 4, 2020, after full briefing by the parties, this Court denied Defendant Hari's motion. In denying the motion, this Court held:

> THE COURT: . . . All right. Well, let me say, first of all, it's not a frivolous motion; but let me say secondly, I'm going to deny the Motion to Transfer.
>
> The points made by Mr. Patton concerning that everything is going to come in up there, I'm not at all sure that's going to be true even if -- well, first of all, let me say that this case is set for trial on the 18th of February; is that correct? The case is set for trial in Minnesota on February 18th?
>
> MR. PATTON: Yes, sir.
>
> THE COURT: Yes. So if I grant this motion, it is going to go up there and then the judge in Minnesota is going to have to decide, first of all, whether or not this case is properly up there or not. Theoretically, the judge could send it back here.
>
> Secondly, if the case does stay there, the judge would have to decide whether or not it – to what extent, to what extent this -- hold on a minute -- if this case goes up there, if the prosecution is then faced with both of these cases, it's hard to imagine with the trial only being two weeks from today that they wouldn't have to ask for a continuance to prepare to present these additional matters.
>
> In terms of 404(b) evidence, I don't know what this judge up there would do, but if it were me, I can't imagine that I'd allow all of these to come in. At some point it becomes duplicative.
>
> And then with all due respect to Mr. Patton, I'm not at all convinced that the same level of witness participation would be necessary.

2

> The burden of proof is different. It's a preponderance of the evidence for the 404(b) evidence. And, of course, on the underlying issue it is proof beyond a reasonable doubt. In terms of the Urbana case, we have people from all of these areas around Urbana and also Ambia, Indiana. I'm guessing there would be multiple witnesses testifying concerning each incident.
>
> So, the bottom line is I believe the proper thing for me to do at this point is keep this case in Urbana.
>
> So the motion it denied.

(2/4/20 Hearing Tr. at 14-16)

On March 12, 2020, Defendant Hari filed a motion to reconsider this Court's denial of the motion to transfer, claiming that "there have been two significant changes in circumstances." (Def.Mot. at 1) For the reasons set forth below, the government respectfully requests that Defendant Hari's motion to reconsider be denied.

## ARGUMENT

The Seventh Circuit has made clear in the civil context that "[a] motion for reconsideration 'serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence.'" *Emley v. Wal-Mart Stores, Inc.*, 2020 WL 509172, at *2 (S.D. Ind. Jan. 30, 2020) (quoting *Thomas v. Johnston*, 215 F.3d 1330 (7th Cir. 2000)).

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Id.* (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

3

Here, Defendant Hari's motion to reconsider does not satisfy this standard, nor does it establish a material change in circumstances requiring this Court's reconsideration of its prior decision.

First, Defendant Hari's stated change in circumstances, namely, the continuance of the Minnesota trial date to April 27, 2020, and the government's filing of a Rule 404(b) motion in Minnesota (which the court has not ruled on) do not alter the conclusion that transfer of the Illinois case to Minnesota would be plainly inappropriate under Rule 21 of the Federal Rules of Criminal Procedure and *Platt v. Minnesota Mining and Mfg. Co.*, 376 U.S. 240 (1964).

Most importantly, as discussed in the government's response to Defendant Hari's original motion, granting the transfer motion under Rule 21 would only be "convenient" to the defendant (and his strategic decision whether to testify in his own defense); it would be dramatically inconvenient to the victims, the witnesses, and the government, and not in the interest of justice. As recognized by the Court in denying Defendant Hari's motion, there are numerous victim-witnesses in the Illinois case that are located in Illinois, plus nearby Ambia, Indiana. There are employees of the Women's Health Practice who had their clinic bombed; WalMart employees who had guns pointed at them; victims of a home invasion who were restrained at gun point; employees of the Canadian National Railway who had their tracks damaged and were extorted for money. Defendant Hari's request seeks to victimize these individuals again – this time by requiring them to suffer the inconvenience of traveling approximately 505 miles further than the Urbana courthouse to the unfamiliar surroundings of the federal

courthouse in St. Paul, Minnesota for the "convenience" of their alleged assailant. Further, the inconvenience to the Illinois witnesses from a transfer of the case to Minnesota would only be increased by the current and ongoing COVID-19 epidemic that is affecting the entire country.

    Second, although the Minnesota trial has been continued to April 27, 2020, a transfer of the Illinois case to Minnesota would inevitably require a further continuance of the trial date. As noted in the government's initial response, the attorney for the government (AUSA Miller) has been in ongoing contact with the government attorneys in Minnesota. In addition, the undersigned attorney for the government has also recently conferred with the Minnesota attorneys and confirmed that Defendant Hari and the government expect to proceed to trial on April 27. The undersigned attorney for the government has further confirmed (contrary to Defendant Hari's repeated claims) that the government in Minnesota does not intend to present all of the evidence of the Illinois offenses in the Minnesota trial as Rule 404(b) or intrinsic evidence, and that those attorneys have not met with, nor do they plan to meet with, several of the Illinois witnesses. Indeed, the government in Minnesota has represented to the court there that "the number of witnesses the government will call in Minnesota to testify to Rule 404(b) incidents will be limited, and will not include either the Ambia or the Walmart victims." (*United States v. Hari*, No. 18-00350 (D. Minn.)) (R.181 at p.15 n.2) Thus, a transfer of the Illinois case to Minnesota, over the government's objection, would thereafter result in the court there having to itself address (with likely additional briefing from the parties) the question whether joinder of both cases for a single trial is appropriate under

Fed.R.Crim.P. 13. Additionally, a single trial would further inevitably result in a significant change to the scheduling and length of the trial and the preparation and travel of government attorneys and government witnesses, which, as discussed in the government's initial response, would cause an enormous inconvenience and most certainly a further continuance of the trial date.

Third, the central premise of Defendant's Hari's motion that transfer of the Illinois case under Rule 21 would likely result in consolidation of both cases for a single trial in Minnesota under Rule 13 is simply incorrect. A district court may order a joint trial of separate cases under Rule 13 only "if all offenses and all defendants could have been joined in a single indictment or information." Fed.R.Crim.P. 13. Rule 8(a) of the Federal Rules of Criminal Procedure, in turn, provides that joinder of separate offenses is appropriate "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "In assessing the propriety of joinder under [Rule 8(a)], [the court] look[s] solely to the face of the government's indictment and not to any evidence ultimately presented at the defendant's trial." *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998).

Here, an initial joinder of the Illinois and Minnesota offenses would not have been appropriate under Rule 8(a) regardless of Defendant Hari's current willingness to waive venue. Defendant Hari is charged in Illinois with conspiracy to commit armed robberies (Count 2); and multiple substantive offenses, namely, unlawful possession of a machinegun (Count 1); attempted arson (Count 3); and possession of a firearm by a

6

convicted felon (Count 4). In the Minnesota case, Defendant Hari is charged with conspiracy to commit federal civil rights violations and additional substantive offenses involving civil rights offenses, carrying and using a destructive device during and in relation to a crime of violence, and possession of an unregistered destructive device.

The Minnesota and Illinois offenses are not entirely of the same or similar character or based on the same act or transaction. As noted in the government's initial response, although the Illinois Women's Health Practice attempted arson and the Minnesota mosque bombing are factually similar, in that in both cases, the same defendants broke a window, and threw either an incendiary device (Illinois) or a bomb (Minnesota) through the broken window, that does not change the facts that in Minnesota, the defendants' alleged motive was the use of violence to interfere with religious belief. This motive does not apply to the charges in Illinois. As to the other crimes alleged in Illinois, they involve additional defendants (Johnson and Mack) and are not bombings but armed robberies, a home invasion, and an attempted extortion.

Moreover, all of the alleged offenses are not connected with and do not constitute parts of a common scheme or plan within the meaning of Rule 8(a). Contrary to Defendant Hari's claim in his motion to reconsider, the government here and in Minnesota has not alleged and does not argue that the Minnesota and Illinois offenses (a conspiracy to bomb a mosque in Minnesota and engaging in other substantive offenses versus a conspiracy with additional defendants in Illinois to commit armed robberies and engaging in additional substantive offenses) are all part of a single, overarching conspiracy. To the contrary, the government in Minnesota seeks to admit a

limited amount of the Illinois evidence under a Rule 404(b) or intrinsic evidence theory. If the Minnesota and Illinois offenses were part of a single conspiracy, and thus part of a "common scheme or plan," the Illinois evidence would be direct evidence of the crimes charged and would not need to satisfy the separate evidentiary standard of admissible other acts evidence under Rule 404(b) or to constitute "intrinsic" evidence. *See United States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994) ("joinder seems to implicate the set of concerns underlying the so-called propensity rule of evidence").

Fourth, Defendant Hari repeats his claim that by charging him in separate districts and insisting on separate trials, the government is exploiting its charging decisions and causing potential prejudice to him in his decision whether to testify in the Minnesota trial in his own defense. But that potential prejudice, if any, is not caused by the government's charging decisions, but rather is the direct result of the not uncommon occurrence in federal court of a defendant (in this case Defendant Hari) choosing to allegedly commit multiple offenses in two separate districts ---- offenses which could not be initially and properly joined in a single indictment in one federal district.

## **CONCLUSION**

Accordingly, the government respectfully requests that Defendant Hari's motion to reconsider be denied.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY


BY:   *s/Timothy A. Bass*                             .
     Timothy A. Bass, Bar No. MO 45344
     Assistant United States Attorney
     318 South Sixth Street
     Springfield, IL 62701
     Phone: (217) 492-4450
     Fax: (217) 492-4044
     tim.bass@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on the 20th day of March 2020, I filed the foregoing directly with the Clerk of Court using the CM/ECF system, which will send a copy to:

    Counsel of record

                        BY:   *s/Timothy A. Bass*
                                  Timothy A. Bass, Bar No. MO 45344
                                  Assistant United States Attorney
                                  318 South Sixth Street
                                  Springfield, IL 62701
                                  Phone: (217) 492-4450
                                  Fax: (217) 492-4044
                                  tim.bass@usdoj.gov